UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY RADISAVLJEVICH,
and LOTTIE M. RADISAVLJEVICH,

        Plaintiff,

v.

        Case No. 14-14777

COMERICA BANK,

        Defendant.
                                                   /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is a Motion to Dismiss, filed by Defendant Comerica Bank ("Comerica") on January 8, 2015. (Dkt. # 3.) In response,[1] Plaintiffs seek leave to amend their complaint. (Dkt. # 7, Pg. ID 275.) This matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Defendant's motion and deny Plaintiffs' motion.

**I. BACKGROUND**

Lottie Radisavljevich, Gary Radisavljevich's mother, entered into a mortgage with Comerica "on or about on October 2, 2005," (Dkt. # 1-2, Pg. ID 10), on 7789 Ritz Ave. in Westland, Michigan, (Dkt. # 3-3, Pg. ID 70). "[Lottie] was 75 years [old] at the time the loan was entered into." (Dkt. # 1-2, Pg. ID 11.) "The mortgage was recorded on

---

[1] When Plaintiffs did not file a timely response to Defendant's Motion to Dismiss, the court issued an Order to Show Cause, ordering Plaintiffs to explain why the court should not dismiss their claim pursuant to E.D. Mich. LR 41.2. (Dkt. # 5.) Plaintiffs filed their response to the order and Comerica's motion on March 30, 2015. (Dkt. # 6, Pg. ID 265; Dkt. # 7, Pg. ID 295).

October 24, 2005, in Wayne County, in Liber 43635, on Page 1346." (*Id.*) Lottie "allegedly defaulted in repayment of the Note and [Comerica] foreclosed on the Mortgage by advertisement . . . , resulting in the issuance of a sheriff's deed on June 12, 2014." (*Id.*) "[Comerica] commenced the Foreclosure on May 9, 2014 and last published [advertisement for] the sale on May 30, 2014." (*Id.*) The balance on the mortgage "according to the lender" is $102,172.62. (*Id.*) "[Gary] is the legal [representative] to [Lottie's] Estate" as well as the current resident of 7789 Ritz Ave. (*Id.* at 10.)

On November 17, 2014, Plaintiffs initiated the instant action in state court against Comerica alleging wrongful foreclosure and fraud. (Dkt. # 1-2, Pg. ID 11-12. Comerica removed the case to this court, invoking diversity jurisdiction. (Dkt. # 1, Pg. ID 1.)

## II. STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court views the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)). Furthermore, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment," *Commercial Money Ctr. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335-36 (6th Cir. 2007).

Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Sixth Circuit has "further interpreted Rule 9(b) to require that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal quotations omitted). A state claim of fraud, once removed to federal court, is "required to comply with Rule 9(b)," but is also judged "[u]nder [state]

3

law." *See, e.g.*, *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010).

### III. DISCUSSION

Plaintiffs effectively allege three theories of liability under two counts in his complaint: wrongful foreclosure, fraud, and breach of the implied covenant of good faith and fair dealing. (Dkt. # 1-2, Pg. ID 11-12.) In their response brief, they allege new facts for the first time to support their claims. The court will begin by analyzing Plaintiffs' complaint according to Federal Rule of Civil Procedure 12(b)(6) and will then consider Plaintiffs' motion to amend their complaint.

### A. Wrongful Foreclosure

Mich. Comp. Laws § 600.3240(8) states that, in this case, "the redemption period is 6 months [starting on the date of the sale]." It is undisputed that a Sheriff's Deed for Plaintiff's property was issued on June 12th, 2014. (Dkt. # 1-2, Pg. ID 11; Dkt. # 3, Pg. ID 44.) The date six months from that sale, and therefore the final date of the redemption period, was December 12th, 2014. (Dkt. # 3, Pg. ID 44.) Although Plaintiffs filed their state court complaint on November 17, 2014, (Dkt. # 1-2, Pg. ID 9), the filing did not toll the redemption period. Consequently the redemption period expired on December 12th, 2014. *See Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 714 (Mich. Ct. App. 2014) ("It does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period.").

According to the Michigan Supreme Court, a foreclosure may be set aside after the redemption period has expired only with a showing of "a strong case of fraud or irregularity, or some peculiar exigency." *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App.

4

492, 497 (Mich. Ct. App. 2007) (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997). Furthermore, such invalidity must appear "in the procedure" of the sale. *Reid v. Rylander*, 270 Mich. 263, 267 (1935). Plaintiffs allege that Comerica "did not advertise fo[]r 4 weeks" and "fail[ed] to properly calculate the amount claimed to be due on the date of the sale." (Dkt. # 1-2, Pg. ID 11.) Both of these claims are nothing more than conclusory statements devoid of facts to support them. Plaintiffs do not identify the supposed calculation error. The court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh*, 487 F.3d at 476. Plaintiffs allege that Comerica's violations of Mich. Comp. Laws § 600.3201 *et seq*. are "not limited to" these two allegations, (Dkt. # 1-2, Pg. ID 11), but Plaintiffs fail to name any further specific claims against Comerica. This general allegation, therefore, fails to provide "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Because Plaintiff failed to show a peculiar exigency in the foreclosure process, the court will dismiss Count I. Plaintiffs must therefore show fraud in the foreclosure process to set aside the sale.

### B. Fraud

In Michigan, common law fraud requires proof that:

(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

5

*Bennett*, 607 F.3d at 1100-01 (quoting *Cummins v. Robinson Twp.*, 770 N.W. 2d 421, 435 (Mich. Ct. App. 2009)).

Count II alleges that Comerica committed fraud when it "breached the implied covenant of good faith and fair dealing in the contract with [Lottie] by . . . allowing a 75 year old person in ill health to sign a loan." (Dkt. # 1-2, Pg. ID 12.) Plaintiffs further allege that Comerica "knew Mother was in ill health, age 75 and mentally unstable to make such a financial decision when she entered into the mortgage." (*Id.*) Without alleging anything further, Plaintiffs fail to allege any of the requirements of common law fraud and falls well short of the particularity required by Federal Rule of Civil Procedure 9(b). Indeed, Plaintiffs' allegation does not even contain a representation by Comerica—a core component of fraud. *See Bennett*, 607 F.3d at 1100-01 (referring to defendant's representation in five of the six elements of Michigan common law fraud). Plaintiffs fail to properly allege the time, place, content, scheme, or intent of Comerica's alleged fraud and thus fail to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements as well. *See Sanderson*, 447 F.3d at 877. Plaintiffs do not allege that the loan would have been brought current had the alleged representations not been made, thus staving off foreclosure. As such, even assuming some fraudulent representation had been made, Plaintiffs did not act on it and suffered no injury. Because the Complaint falls well short of state and federal standards for pleading a fraud cause of action, Plaintiffs have failed to state a claim for fraud.

Plaintiffs also recast the fraud claim as a breach of the implied covenant of good faith and fair dealing. "An implied covenant of good faith and fair dealing in the performance of contracts is recognized by Michigan law only where one party to the

contract makes its performance a matter of its own discretion." *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (2003). As Plaintiffs allege no discretionary terms in any contract between Comerica and Lottie or between Comerica and Gary in their complaint, Michigan law precludes this court from finding a claim here. As Plaintiffs have failed to state a claim for any peculiar exigencies or for any fraud, the court cannot set aside the foreclosure. *See Kenney*, 275 Mich. App. at 497. The court will therefore grant Comerica's motion to dismiss.

### C. New Allegations in Plaintiff's Response Brief

Throughout their response brief, Plaintiffs rely on facts not pleaded in the Complaint:

> At all times, Plaintiffs attempted to avoid foreclosure . . . by requesting loss mitigation alternatives from Defendant prior to the commencement of the foreclosure . . . . Defendant led Plaintiffs to believe that loss mitigation alternatives were available to Plaintiffs by statements made by Defendant . . . to Plaintiffs that it would cooperate with Plaintiffs' requests for loan modification and/or mortgage financial assistance to avoid the foreclosure of Plaintiffs' home. Nevertheless, Defendant contradicted its representations and proceeded with initiating foreclosure proceedings on Plaintiffs' home.

(Dkt. # 7, Pg. ID 283.)

Plaintiffs also seek leave to amend their complaint, (*Id.* at 275), presumably to supplement it with these new facts. Although Plaintiffs did not attach a proposed amended complaint to this request, contrary to the mandate of E.D. Mich. LR 15.1, "[f]ailure to comply . . . is not grounds for denial." E.D. Mich. LR 15.1. Nevertheless the court will deny the request because the additional facts supplied do not state a claim.

Plaintiffs argue that their new allegations find support in *Jarchow v. CitiMortgage, Inc. Jarchow v. CitiMortgage*, No. 13-11925, 2014 WL 1759074, at *4 (E.D. Mich. 2014).

*Jarchow* states that dismissing a plaintiff's wrongful foreclosure claims as a matter of law would establish "poor public policy" when the foreclosing party "repeatedly represented that it was reviewing Plaintiff's application for loan modification, . . . made regular requests to Plaintiff for documentation, . . . told Plaintiff that her application was in order and in process, and . . . never notified Plaintiff that her loan modification application had been denied." *Jarchow v. CitiMortgage*, No. 13-11925, 2014 WL 1759074, at *4 (E.D. Mich. 2014). *Jarchow* is distinguishable in that the Plaintiff in that case, unlike Plaintiffs here, was already involved in a loan modification process. Comerica's alleged representations about the availability of loan modification is not comparable with CitiMortgages statements regarding a loan modification that was allegedly already in progress.

In addition, the foreclosure by advertisement in *Jarchow* began in June 2012. *Id.* at *1. The statute on which *Jarchow*'s reasoning relies, Mich. Comp. Laws § 600.3205(a), was repealed effective June 2013 by 2012 Mich. Pub. Acts 521. The foreclosure in the instant case began in May 2014. (Dkt. # 1-2, Pg. ID 11.) *Jarchow* is therefore inapposite because the statutory regime relied upon in that case created a markedly different set of circumstances.

Nowhere in the mortgage contract is Comerica bound to offer a loan modification. (Dkt. # 3-3.) Indeed, the only mention of "modifications" comes when the contract acknowledges that if Comerica allowed one, it would change the amount that Plaintiffs owed on the mortgage. (*Id.* at 70.) In their complaint and even in their Response brief, Plaintiffs offer no documentation of any promises or obligations to offer a loan modification. (Dkt. # 1-2; Dkt. # 7.) Though Plaintiffs do allege generally that "Defendant led Plaintiffs to believe that loss mitigation alternatives were available . . . by statements," (Dkt. # 7, Pg.

8

ID 283), Mich. Comp. Laws § 566.132(2)(b) states that "[a]n action shall not be brought against a financial institution to enforce [a promise to . . . modify . . . a loan] unless the promise . . . is in writing." Without evidence of such a promise or obligation, there is no contractual term to breach. If there is a viable claim to be asserted in an amended complaint, the court cannot discern it from Plaintiffs' response, and Plaintiffs' failure to attach a proposed amended complaint in compliance with the Local Rules makes it impossible for the court to do more than speculate what other facts might exist in support of such a claim. Plaintiffs' request to amend their complaint is denied.

### IV. CONCLUSION

IT IS ORDERED that Defendant Comerica Bank's Motion to Dismiss Plaintiffs' Complaint (Dkt. # 3) is GRANTED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2015, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522